CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

OCT 31 2008

JOHN F. CORCORAN, CLERK
BY:
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIAM KEITH WORRELL,  )  <br> Plaintiff,  ) | Civil Action No. 7:08-cv-00554 |
| ) | |
| v.  ) | MEMORANDUM OPINION |
| ) | |
| NEW RIVER VALLEY  ) | |
| REGIONAL JAIL,  ) | By: Hon. James C. Turk |
| Defendant.  ) | Senior United States District Judge |

William Worrell, a Virginia inmate proceeding pro se, filed this civil rights action, pursuant to 42 U.S.C. § 1983, against the New River Valley Regional Jail ("the jail") alleging inadequate medical care, mental anguish, and unsatisfactory living conditions. For the reasons set forth below, the court concludes that Worrell failed to state claims upon which relief may be granted. Therefore, the court dismisses without prejudice Worrell's claims, pursuant to 28 U.S.C. § 1915A(b)(1).[1]

I.

William Worrell alleges the following sequence of events on which his claims are based. On July 16, 2008, Worrell submitted an emergency medical request to jail officials complaining that he had developed irritating and burning spots on his skin. Jail medical staff saw him the next day and treated him by spraying his skin with the same liquid sprayed on inmates upon their arrival at the jail. Worrell submitted more emergency medical requests starting around July 28, 2008, for the same skin condition. Jail medical staff saw Worrell again on August 1, 2008. Worrell received anti-fungal cream and was scheduled to see a doctor. On August 13, 2008,

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

Worrell saw the doctor who wrote Worrell a prescription. When Worrell went to the jail's prescription cart on August 21, 2008, his chart and prescription were no longer available. Worrell complained, and the jail's nurses saw Worrell at one o'clock in the morning on August 22, 2008. The nurses diagnosed him with shingles, told him that he might have to go to the hospital, and called their supervisor at her home. The supervisor told the nurses that she remembered treating Worrell in July 2008 for ringworm, she had previously given him a cream, the nurses should give him another cream, and he should be released back into the pod. The nurses did as directed. Worrell has since seen a specialist in Wytheville, Virginia, and received another prescription.

Furthermore, Worrell claims that a jail official responded to his grievance about his medical treatment by stating, "You are being a grievance." Worrell claims this statement made him feel hopeless and worthless, and he subsequently experienced mental anguish from the jail official's comment, other inmates teasing Worrell about his skin condition, and his fear that he would not be able to defend himself against an attack.

Worrell also claims that the jail is unsanitary and overcrowded. Only fifty-two beds are available for seventy inmates, forcing him and other inmates to sleep on the floor; only three toilets serve seventy inmates; the inmates use one sink for shaving, cleaning eating utensils, drinking, making food, and hand washing; and the inmates share three shaving razors.

II.

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). The court must dismiss Worrell's claims against the jail

2

because local jails are not "persons" subject to suit under 42 U.S.C. § 1983. See McCoy v. Chesapeake Corr. Center, 788 F. Supp. 890, 891-92 (E.D. Va. 1992). If Worrell alleged facts indicating that he might be able to prove some constitutional violation committed by individual officials at the jail, the court could allow him to amend to identify such individuals. After reviewing his complaint, however, the court is satisfied that it must be dismissed under § 1915A(b)(1) because he fails to allege facts giving rise to any constitutional claim against anyone.

A.

To prove that a course of medical treatment in jail amounted to a violation of the Eighth Amendment, an inmate must show that staff to whose care he was committed exhibited "deliberate indifference" to his "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104-105 (1976); see Hill v. Nicodemus, 979 F.2d 987, 991-92 (4th Cir. 1992) (applying Estelle to pretrial detainee). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th. Cir. 2008) (quoting Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir. 1999)). The inmate must show that the official was aware of objective evidence from which the official could draw an inference that a substantial risk of harm existed, the official drew that inference, and the official failed to reasonably respond to the risk. Farmer v. Brennan, 511 U.S. 825, 847 (1994). A claim concerning a disagreement between an inmate and medical staff regarding diagnosis and course of treatment does not implicate the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Questions of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318, 318 (4th Cir. 1975) (per curiam). Moreover, mere malpractice or negligence in diagnosis does not state a federal

3

claim. Estelle, 429 U.S. at 105-106.

Upon careful review of the allegations in the complaint, the court cannot find that Worrell states any actionable § 1983 claim concerning his medical treatment. Even assuming without finding that his skin condition constituted a serious medical need, it is clear from his complaint that the jail staff provided him with treatment. They brought him to the infirmary for observation, referred him to a specialist, provided creams, and prescribed a medication. Nothing in the complaint suggests that the medical staff has not monitored his condition and provided treatments that the staff members thought were appropriate. Thus, Worrell fails to state any claim of deliberate indifference by the medical staff. Moreover, the non-medical staff, when answering Worrell's grievances, had a right to rely on the medical staff's decisions for the appropriate course of treatment for his conditions.

At the most, Worrell alleges his own disagreement with the staff's treatment decisions and that he should have received further evaluation and testing at the hospital for his skin condition. Worrell further alleges that the supervising medical official could not make an accurate diagnosis at her home at one o'clock in the morning without charts to countermand the nurses' diagnosis made with Worrell in their presence. Such disagreements between patient and medical staff are essentially allegations of negligence that do not present any constitutional deprivation. Sosebee v. Murphy, 797 F.2d 179, 181 (4th Cir. 1986) (citing Estelle, 429 U.S. at 97). Accordingly, they are not "enough to raise a right to relief [under § 1983] above the speculative level." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). Accordingly, the court finds that this claim must be dismissed, pursuant to § 1915A(b)(1), for failure to state any claim cognizable under § 1983. To the extent that Worrell might conceivably have some claim of medical malpractice under state law, the court declines to exercise supplemental jurisdiction

4

Case 7:08-cv-00554-JCT-mfu   Document 6   Filed 10/31/08   Page 4 of 7   Pageid#: 57

over any such claim and will dismiss all such claims without prejudice, pursuant to 28 U.S.C. § 1367(c).

B.

Worrell claims that he suffered mental anguish from the jail official's reply to his grievance, other inmates' teasing, and his fear that he would not be able to defend himself against an attack. The Prison Litigation Reform Act of 1996 provides in pertinent part that an inmate cannot file a civil action seeking monetary damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Furthermore, there is no federal right to be free from emotional distress, psychological stress, or mental anguish in jail, and thus, no liability under § 1983 exists regarding such claims. Grand Staff v. City of Borger, 767 F.2d 161, 172 (5th Cir.1989). Because Worrell does not show any physical injury regarding his mental anguish, the court accordingly dismisses this claim for failure to state a claim, pursuant to § 1915A(b)(1). To the extent that Worrell might conceivably have some state law claim of emotional distress, the court declines to exercise supplemental jurisdiction over any such claim and will dismiss all such claims without prejudice, pursuant to 28 U.S.C. § 1367(c).

C.

The Eighth Amendment expressly prohibits the infliction of cruel and unusual punishment and protects inmates from inhumane treatment and conditions while imprisoned. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir.1996); see Wilson v. Seiter, 501 U.S. 294, 298 (1991); Estelle, 429 U.S. at 104. To succeed on an Eighth Amendment claim for cruel and unusual punishment, an inmate must prove that the deprivation of a basic human need was objectively and sufficiently serious and jail officials subjectively acted with a "sufficiently

5

culpable state of mind." Wilson, 501 U.S. at 298; Williams, 77 F.3d at 761. In order to demonstrate such an extreme deprivation, a prisoner "must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993).

Worrell claims that jail overcrowding forced him and other inmates to sleep on the floor and share common sinks, toilets, and razors, but Worrell does not show that he sustained any serious or significant injury resulting from the overcrowded conditions. However, jail overcrowding is not a per se constitutional violation. See, e.g., Rhodes v. Chapman, 452 U.S. 337 (1981); Bell v. Wolfish, 441 U.S. 520 (1979); Strickler, 989 F.2d at 1382; Plyler v. Evatt, 846 F.2d 208 (4th Cir. 1988). "To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes, 452 U.S. at 347. Worrell also does not show that sharing the jail facilities with other inmates objectively constitutes inhumane treatment that deprived him of any identifiable human need or that jail officials subjectively acted with a culpable state of mind. Accordingly, the court dismisses this claim for failure to state a claim, pursuant to § 1915A(b)(1).

III.

For the foregoing reasons, the entire § 1983 complaint will be dismissed for failure to state a claim, pursuant to § 1915A(b)(1).[2] All possible state law claims will be dismissed, pursuant to 28 U.S.C. § 1367(c). An appropriate order shall be issued this day.

The Clerk is directed to send copies of this memorandum opinion and the accompanying

---

[2] Plaintiff is hereby notified that this dismissal will count against him as a "strike" under 28 U.S.C. § 1915(g). Under this provision, an inmate who has had three or more civil actions or appeals dismissed as frivolous, malicious, or failing to state a claim may not proceed with another civil action in federal court without prepaying the filing fee or demonstrating imminent danger of physical harm related to his claims.

order to the plaintiff.

    ENTER: This _31st_ day of October 2008.

                                                                                          _/s/ James C. Turk_
                                                                                  Senior United States District Judge